# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X  INDEX NO.:
N.Y.U. HOSPITALS CENTER,

                                  Plaintiff,        SUMMONS

   -against-

OMNICOM GROUP INC. HEALTH AND WELFARE
PLAN and OXFORD HEALTH INSURANCE, INC.,   Plaintiff's Address:
                                                       550 First Avenue
                            Defendants.     New York, New York 10016
-------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service or if service of this summons is made by any means other than by personal delivery to you within the state, within thirty (30) days after the service is complete. In case of your failure to appear and answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff designates New York County as the place of trial. The basis of the venue designated is the county in which plaintiff resides.

Dated: White Plains, New York
       September 13, 2016

                                                      WILLIAM A. HECHT, P.C.
                                                      Attorney for Plaintiff

                                        By:_____
                                           William A. Hecht, Esq.
                                           901 North Broadway, Suite 3B
                                           White Plains, New York 10603
                                           (914) 946-0647

Defendants' addresses:

Omnicom Group Inc. Health and Welfare Plan
Omnicom Group Inc.
437 Madison Avenue
New York, New York 10022

Oxford Health Insurance, Inc.
c/o Superintendent of Financial Services
New York State Department of Financial Services
Office of General Counsel
One State Street
New York, New York 10004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X  INDEX NO.:
N.Y.U. HOSPITALS CENTER,

                            Plaintiff,         COMPLAINT FOR
-against-                                       DECLARATORY JUDGMENT

OMNICOM GROUP INC. HEALTH AND WELFARE
PLAN and OXFORD HEALTH INSURANCE, INC.,

                            Defendants.
------------------------------------------------------------------X

      Plaintiff, NYU Hospitals Center, by its attorney William A. Hecht, P.C. as and for its complaint for declaratory judgment against defendants, Omnicom Group Inc. Health and Welfare Plan and Oxford Health Insurance, Inc., alleges as upon information and belief.

## THE PARTIES

      1. At all times mentioned herein, plaintiff, NYU Hospitals Center ("NYUHC"), was and still is a domestic corporation maintaining facilities to render health care services in the City of New York, County of New York.

      2. Upon information and belief, at all times mentioned herein defendant Omnicom Group Inc. Health and Welfare Plan ("Omnicom") is and was a self-insured employee benefit plan and transacts business in the State of New York.

      3. Upon information and belief, at all times mentioned herein defendant Oxford Health Insurance, Inc. ("Oxford") is and was a domestic corporation and transacts business in the State of New York.

## FACTUAL BACKGROUND

4. NYUHC rendered inpatient acute care hospital services to LM ("the patient") on and between January 10, 2014 and January 14, 2014 and inpatient rehabilitation services on and between January 14, 2014 and January 23, 2014.

5. LM's Cigna identification number is U******7401 and her Oxford identification number is ******5003. Each defendant knows LM's full name and her complete member identification number as each was contacted prior to the commencement of this action in an attempt to resolve this matter without resort to litigation.

6. The patient was entitled to health care benefits from Omnicom on the dates of service as an enrollee in Omnicom under a right to continue her health care coverage through Omnicom.

7. The effective date of the patient's coverage through Omnicom is January 1, 2011.

8. The termination date of the patient's coverage through Omnicom is January 31, 2014.

9. The patient was entitled to health care benefits from Oxford on the dates of service as a dependent of her spouse under an insurance policy with Oxford.

10. The effective date of the patient's coverage through Oxford is January 1, 2012.

11. NYUHC submitted its claims to Omnicom's third-party claims administrator Cigna.

12. NYUHC is a participating provider of Cigna and as such provides services to persons insured through Cigna and persons in health plans for which Cigna is the third-party administrator at negotiated, contract rates.

13. Cigna paid NYUHC's claim for the inpatient acute care services at the contracted rate and paid NYUHC's claim for the rehabilitation services at the contracted rate.

14. Cigna subsequently demanded its payments be refunded through its agent Accent Cost Containment Solutions, which erroneously alleged that the patient's benefits through Omnicom had terminated effective December 31, 2013.

15. NYUHC refunded the payments.

16. NYUHC thereafter submitted its claims to Oxford.

17. NYUHC is a participating provider of Oxford and as such provides services to persons insured through Oxford at negotiated, contract rates.

18. Oxford paid the claims at the contracted rates as primary insurer and subsequently recouped those payments asserting that Cigna was the primary insurer for the patient on the dates of service.

19. Subsequent to NYUHC refunding the payments to Cigna, Cigna asserted that "Cigna Health Care is [the patient's] secondary carrier." Since Cigna is the third-party administrator of Omnicom, which is self-insured, Cigna's assertion is in actuality that Omnicom is the secondary payer of health care benefits for the patient.

20. Defendants Omnicom and Oxford each claim the other is the primary plan responsible to pay NYUHC's claims.

## AS AND FOR A CAUSE OF ACTION

21. NYUHC repeats and realleges the allegations of paragraphs 4 through 20 as if set forth at length herein.

22. Omnicom's "Order of Benefit Determination Rules" provides as follows:

> A Plan that does not have a coordination of benefits rule consistent with this section shall always be the Primary Plan. If the Plan does have a coordination of benefits rule consistent with this section, <u>the first of the following rules that applies to the situation is the one to use</u> [emphasis supplied]:

>The Plan that covers a person as an enrollee or an employee shall be the Primary Plan and the Plan that covers that person as a Dependent shall be the Secondary Plan[.]

23. That first rule is followed by six other rules.

24. Oxford's "Rules to Determine Order of Payment" provides as follow:

>The first of the rule listed below in paragraphs 1-6 that applies will determine which plan will be primary [emphasis supplied]:
>
>1. If the other plan does not have a provision similar to this one, then the other plan will be primary.
>
>2. If the person receiving benefits is the Subscriber and is only covered as a Dependent under the other plan, this Certificate will be primary.

25. Those first two rules are followed by four other rules.

26. Omnicom and Oxford each have coordination of benefits rules consistent with each other.

27. Under Omnicom's "Order of Benefit Determination Rules", Omnicom is the primary plan.

28. Under Oxford's "Rules to Determine Order of Payment", Omnicom is the primary plan.

29. By reason of the foregoing, an actual and justiciable controversy exists between NYUHC, Omnicom and Oxford and NYUHC therefore seeks a declaratory judgment that Omnicom is the primary plan responsible to pay NYUHC's claims for the services it provided to the patient.

WHEREFORE, plaintiff, NYU Hospitals Center, requests that this court:

a) Declare that Omnicom Group Inc. Health and Welfare Plan is the primary plan responsible to pay NYUHC's claims for the inpatient acute care hospital services provided to

Laurie McCloskey on and between January 10, 2014 and January 14, 2014 and the inpatient rehabilitation services provided on and between January 14, 2014 to January 23, 2014, or in the alternative should the court so find, that Oxford Health Insurance, Inc. is the primary plan responsible to pay NYUHC's claims for the inpatient acute care hospital services provided to Laurie McCloskey on and between January 10, 2014 and January 14, 2014 and the inpatient rehabilitation services provided on and between January 14, 2014 to January 23, 2014; while plaintiff could request judgment against Omnicom or Oxford for the contractual rates owed plus interest due thereon, NYUHC is not requesting such relief herein; and

    b) Award plaintiff its costs and disbursements and such other, further and different relief as this court deems just and proper.

Dated: White Plains, New York
       September 13, 2016

WILLIAM A. HECHT, P.C.
Attorney for Plaintiff

By: _____
William A. Hecht, Esq.
901 North Broadway, Suite 3B
White Plains, New York 10603
(914) 946-0647